IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD L. SAPORITO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 06-101 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Pending before the Court are cross-motions for summary judgment filed by Plaintiff Richard L. Saporito and Defendant Jo Anne B. Barnhart, Commissioner of Social Security. Plaintiff seeks review of a final decision by the Commissioner suspending payment of his supplemental security income benefits ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. For the reasons discussed below, Plaintiff's motion is denied and Defendant's motion is granted.

### II.   BACKGROUND

Plaintiff Richard Saporito had been receiving SSI benefits for an undisclosed period of time as of October 2004. On October 30, 2004, the Social Security Administration ("Administration") sent Plaintiff a letter, advising him that he would not receive any SSI benefits for December 2004 because the estimated wages to be received by his wife that month would exceed the maximum permitted.

(Certified Copy of Transcript of Proceedings before the Social Security Administration, Docket No. 14, "Tr.," at 34.)

On November 15, 2004, Mr. Saporito filed a request for reconsideration of the Administration's decision to suspend his benefits, stating that the October 30 letter was "incorrect" because it was based on estimated wages to be received in December 2004. Plaintiff stated:

> My spouse hasn't even worked two months into the future. SSI facts should be based on spouse's wages from October 2004 which total $1,229.14. Due to these facts, my December SSI check should be $303.33.

(Tr. 13.)

A representative of the Administration met with Plaintiff on November 16, 2004, "in an effort to resolve the misunderstanding regarding retrospective monthly accounting and the transitional computational cycle." The representative believed Plaintiff understood the law and concepts in question, but advised him that the Administration had correctly determined he would not be eligible for benefits in December. (Tr. 14-16.)

Mr. Saporito then requested a review of the decision by an Administrative Law Judge ("ALJ"), waiving his right to a hearing. (Tr. 18.) In the waiver, it became clear that Mr. Saporito did "not question the termination of SSI Benefits, but rather the months of termination." (Tr. 17.)

On December 15, 2004, another Administrative representative contacted Mr. Saporito regarding the hearing. In the report of

2

contact, the officer stated:

> Mr. Saparato's [sic] wife has always worked.  Her wages
> are now to the point where he is not eligible in three
> pay months due to her deemed income.   Mr. Saporito
> refuses to understand the concept of ineligibility in the
> [current month] due to excess deemed income.   He has
> provided the references and quoted them. . . . He refuses
> to accept the idea that he is not eligible for December
> because his wife receives three pays in December.   He
> thinks he should be ineligible for February.

(Tr. 19.)

In a letter to the ALJ, Mr. Saporito stated "My appeal is not over the [retrospective monthly accounting] or the [transitional computational cycle] but rather the deeming of projected income (not yet received) a month and a half into the future."  (Tr. 20.)

The Honorable David Hatfield issued his decision on May 24, 2005, affirming suspension of SSI benefits for December 2004.  (Tr. 8-12.)  The Social Security Appeals Council declined to review the ALJ's decision on December 16, 2005, finding no error of law or abuse of discretion and concluding the decision was based on substantial evidence to support the ALJ's findings.  (Tr. 2-5.) Therefore, the May 24, 2005 opinion became the final decision of the Commissioner for purposes of review.   42 U.S.C. § 405(h); Rutherford v. Barnhart, 399 F.3d 546, 549-550 (3d Cir. 2005), citing Sims v. Apfel, 530 U.S. 103, 107 (2000).   Plaintiff filed suit in this Court on January 23, 2006, seeking judicial review of the ALJ's decision.

## III.  JURISDICTION

This  Court  has  jurisdiction  by  virtue  of  42  U.S.C.
§ 1383(c)(3) (incorporating 42 U.S.C. § 405(g)) which provides that
an individual may obtain judicial review of any final decision of
the Commissioner by bringing a civil action in the district court
of the United States for the judicial district in which the
plaintiff resides.

## IV.  STANDARD OF REVIEW

The scope of review by this Court is limited to determining
whether the Commissioner applied the correct legal standards and
whether the record, as a whole, contains substantial evidence to
support the Commissioner's findings of fact.  42 U.S.C. § 405(g);
Richardson v. Perales, 402 U.S. 389 (1971); Schaudeck v. Comm'r of
Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).  Findings of
fact by the Commissioner are considered conclusive if they are
supported by "substantial evidence," a standard which has been
described as requiring more than a "mere scintilla" of evidence,
that is, equivalent to "such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion."  Richardson, id.
at  401.  "A  single  piece  of  evidence  will  not  satisfy  the
substantiality test if the [ALJ] ignores, or fails to resolve a
conflict, created by countervailing evidence."  Kent v. Schweiker,
710 F.2d 110, 114 (3d Cir. 1983).

This Court does not undertake de novo review of the decision

4

and does not re-weigh the evidence presented to the Commissioner. Schoengarth v. Barnhart, 416 F. Supp.2d 260, 265 (D. Del. 2006), *citing* Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986) (the substantial evidence standard is deferential, including deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence.)  If the decision is supported by substantial evidence, the Court must affirm the decision, even if the record contains evidence which would support a contrary conclusion.  Panetis v. Barnhart, CA No. 03-3416, 2004 U.S. App. LEXIS 8159, *3 (3d Cir. Apr. 26, 2004), *citing* Simmonds v. Heckler, 807 F.2d 54, 58 (3rd Cir. 1986), and Sykes v. Apfel, 228 F.3d 259, 262 (3rd Cir. 2000).

## V.  LEGAL ANALYSIS

In his decision, the ALJ correctly identified the problem as stated by Mr. Saporito, namely that he did not contest the termination of benefits but rather that the benefits were suspended in December 2004 rather than February 2005.  (Tr. 11.)  The ALJ also correctly concluded that due to excess income of his spouse, Mr. Saporito was not eligible for SSI benefits in December 2004. (Tr. 12.)  Although we affirm the decision of the ALJ, we do find his discussion of the law somewhat incomplete.

In his complaint, Mr. Saporito states two major objections to the suspension of benefits.  First, the Administration "used computer projections of my Spouse's earned income instead of

5

procuring factual earned income results from prior months [sic] pay. Prior meaning one to two months previous of Spouse's earned income." (Complaint, Docket No. 3, ¶¶ 4-6.) Second, because of that procedure, "the Plaintiff did not receive an SSI check for the month of December 2004." (Id., ¶ 7.)

The Court finds the Administration properly applied the regulations for determining Plaintiff's eligibility for SSI benefits in December 2004. Although the record shows the Administration attempted several times to explain how the regulations applied to Plaintiff's situation, it appears such attempts were unsuccessful, perhaps because Mr. Saporito did not understand that calculation of benefits each month requires a two-step process. His confusion stems, we believe, from the fact that he fails to distinguish between (1) determining *eligibility* for SSI benefits in a given month and (2) calculation of the *amount* of benefits for that month.

The SSI program provides monthly benefits to aged, blind or disabled individuals whose income and resources do not exceed certain limits. 42 U.S.C. § 1382(a)(1). The flat-rate monthly benefit is reduced by non-excludable income[1] the SSI participant receives or is "deemed" to receive. 42 U.S.C. §§ 1382(b)(1) and

---

[1] Although non-excludable income includes in-kind contributions which can be used to meet the recipient's needs for food, clothing and shelter, that type of income is not at question here. *See* 20 C.F.R. § 416.1102.

1382a(b). The first step, therefore, is to determine if the SSI participant has or is projected to have any non-excludable income for a given month. 20 C.F.R. § 416.1100. *See* Calef v. Barnhart, 309 F. Supp.2d 425, 430-431 (E.D. N.Y. 2004).

At the time Plaintiff was receiving SSI benefits in 2004, his wife was employed by a chain department store. (Plaintiff's Brief in Support of Summary Judgment, Docket No. 9, "Plf.'s Brief," Exhibits B1-B3.) There appears to be no question that Mr. and Mrs. Saporito lived together as husband and wife and that Mrs. Saporito was an "ineligible spouse" as that term is defined by Social Security regulations.[2] Therefore, a portion of Mrs. Saporito's income was "deemed" to be that of Plaintiff because the Administration expects one spouse to contribute to the support of the other. 20 C.F.R. § 416.1160(a)(1). The Social Security Administration deems income of an ineligible spouse to the SSI recipient for two purposes relevant to this analysis: first, the Administration considers such income "in the current month to determine whether [the recipient is] eligible for SSI benefits for that month," and second (with some exceptions not relevant here), the Administration considers the income of the ineligible spouse "in the second month prior to the current month to determine [the recipient's] benefit amount for the current month." 20 C.F.R.

---

[2] "Ineligible spouse" means someone who lives with the benefit recipient as husband or wife and is personally not eligible for SSI benefits. 20 C.F.R. § 416.1160(d).

§ 416.1160(b)(1) and (2), respectively.

We begin with the computation of the amount of benefits because it is clear Plaintiff understands that portion of the regulations. Mr. Saporito correctly states that once a participant in the SSI program has received benefits for two consecutive months, the amount of SSI benefits for the third and subsequent months takes into consideration the ineligible spouse's income in the second month before the month for which benefits are being computed. The flat rate benefit payable to the SSI participant is reduced by the portion of the spouse's income which is deemed to be available to the participant. In Plaintiff's case, any benefits payable to him in December 2004 would be calculated based on income received by his wife in October 2004.

However, *eligibility* for those benefits is a separate concept which must be determined before the amount of benefits is calculated. Eligibility is based on the income, resources, and other factors for the month in which the benefits are to be paid. In October 2004, the Administration projected that Mr. Saporito's deemed income for December 2004 - based on Mrs. Saporito's estimated income for that month - would make him ineligible for benefits.

According to payroll records provided by Plaintiff, if Mrs. Saporito worked a full 40-hour work week, she earned $616.00 plus a variable amount of overtime during each two-week pay period.

8

(Plf.'s Brief, Exhibits B1-B3.)  Her paycheck on alternate Fridays represented earnings from the two-week period ending on the previous Saturday.  Because of the dates on which her paydays fell in December 2004, the Administration correctly projected that Mrs. Saporito would receive checks on December 3, 17, and 31. Therefore, at an estimated $630 per pay period, she would receive $1,890 during December.  At that time, the formula used by the Administration to determine Mr. Saporito's deemed income set Mrs. Saporito's monthly income at a maximum of $1,823.[3]

In December, Mrs. Saporito was paid $1,829.73, an amount which exceeded the threshold of $1,823, albeit not by as much as the Administration had estimated in October.  Therefore, Mr. Saporito was not eligible for benefits in December 2004.  Consequently, the amount of benefits – which would otherwise have been based on Mrs. Saporito's income for October 2004 -- was irrelevant.[4]

---

[3]   Although the formula itself is not clear from the record, Plaintiff does not contend that the Administration improperly calculated the upper limit for his spouse's income.

[4]   Lest Plaintiff be concerned that application of this two-step analysis would have negatively affected his eligibility and/or the amount of benefits in subsequent months, the Court points out that after a suspension of benefits in circumstances such as these, the Administration calculates benefits in subsequent months based on the ineligible spouse's income in the current month for the first month of eligibility and on the previous month's income for the second month of eligibility.  That is, Mr. Saporito would again be eligible for benefits in January 2005 because his wife would receive only two paychecks of approximately $630 each, i.e., an amount less than $1,823.  His SSI benefits for January would have been based on the amount she earned that same month, i.e., $1,260.  In February 2005, he would again be eligible because she would receive two checks totaling approximately $1,260, and the amount deemed to him would be based on her January income.  20 C.F.R. §§ 416.1160(b)(2)(ii) and

9

The process of determining eligibility and the amount of benefits for any given month, as well as the reasons why Mr. Saporito was not eligible for benefits in December 2004 was clearly explained in a letter from the Appeals Council dated December 15, 2005. (Tr. 3.) As pointed out therein, had Mrs. Saporito's actual income in December 2004 been less than $1,823, a recalculation could have been made and benefits paid accordingly.

Although the explanation given by the ALJ in his decision was less than complete and clear, the Court finds that the Social Security Administration correctly applied its regulations and that the Appeals Council clearly explained its reasoning to Plaintiff in the letter of December 15, 2005. The ALJ's decision is therefore affirmed.

Finally, Mr. Saporito seeks an order from this Court enjoining the Social Security Administration from using estimated income to project eligibility for benefits two months in the future. His reliance on 20 C.F.R. § 416.420(c)(1) in this regard, however, is entirely misplaced. (See Plf.'s Brief, ¶¶ 5 and 19.) That portion of the regulations pertains to situations in which the Administration's computer system used to maintain information regarding SSI recipients and income is not up-to-date when the Administration needs to calculate and pay benefits for a given month. From the facts presented in the record, it appears the

_____

416.1163(e)(1).

10

Administration's computer system accurately projected that Mrs. Saporito's income would exceed the eligibility threshold in December 2004, even though the estimate was not precisely on target.  In our view, such projections benefit SSI recipients inasmuch as they allow the recipients to plan ahead for a month in which benefits will be reduced or suspended. The Court declines, therefore, to issue such an injunction.

An appropriate order follows.

January ___4___, 2007

_William L. Standish_
William L. Standish
United States District Judge

cc:  Richard L. Saporito, *pro se*
625 Shady Lane
West Mifflin, PA 15122

Jessica Smolar, Esq.
United States Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Email: jessica.smolar@usdoj.gov